UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL DEAN,

                Plaintiff,

    v.

GEICO INSURANCE AGENCY INC,

                Defendant.

CASE NO. 2:20-cv-01496-BAT

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant GEICO Insurance Agency Inc. moves, pursuant to Fed. R. Civ. P. 56, for an order granting summary judgment on Plaintiff Michael Dean's claims for underinsured motorist ("UIM") benefits and damages. Defendant contends that Plaintiff's claims must be dismissed as Plaintiff was made whole as a matter of law when he accepted a settlement from the defendant tortfeasors in an amount much less than the policy limits. Dkt. 18. Plaintiff contests the motion and argues that he has irrefutable evidence that his provable medical damages exceed the tortfeasors' policy limits. Dkt. 20. Having carefully reviewed the parties' pleadings, summary judgment evidence, and balance of the record, the Court finds that Defendant's motion for summary judgment should be **GRANTED**.

BACKGROUND

A.    Facts Pertaining to Underlying Claims

Plaintiff was involved in three separate motor vehicle accidents in 2014. Dkt. 19, Declaration of Rory W. Leid, III. On June 11, 2014, Plaintiff was involved in an accident where

his car was rear-ended. *Id.*, Exhibit A (Complaint for Damages in Snohomish County Superior Court Case No. 17-2-05671-21) at § IV. On August 28, 2014, Plaintiff was involved in a head-on motor vehicle collision. *Id.* at § V. This is the accident which forms the basis of Plaintiff's claims in this lawsuit. Finally, on November 25, 2014, Plaintiff was involved in a third accident where his car was rear-ended. *Id.* at § VI.

Plaintiff filed a lawsuit in Snohomish County Superior Court on June 8, 2017, against each of the tortfeasors for the three accidents under a theory of joint and several liability. On August 8, 2018, Plaintiff settled his bodily injury claims for the three accidents for less than the policy limits. Dkt. 19, Leid Decl., Exhibit B (Stipulation and Order of Dismissal with Prejudice and Without Fees and Costs) and Exhibit C (Notice of Appearance for Defendants Rolle).

Plaintiff settled the June 11, 2014 bodily injury claim for $20,000.00 – the liability limits were $1,000,000.00. *Id.* Plaintiff settled the August 28, 2014 bodily injury claim for $40,000.00 – the liability limits were $50,000.00 per person and $100,000.00 per occurrence. *Id.* Plaintiff settled the November 25, 2014 bodily injury claim for $35,000.00 – the policy limits were $50,000.00 per person and $100,000.00 per occurrence. *Id.*, Exhibit D (Release of Claims and Settlement Agreement for Defendant Rolle).

B.     Facts Pertaining to This Claim

Plaintiff filed this cause of action originally in Snohomish County on August 25, 2020. Dkt. 1. Plaintiff claims that the vehicle driven by the tortfeasor (Ana Shorb) in the August 28, 2014 motor vehicle accident was "underinsured" and therefore, Plaintiff failed to receive full recovery of his damages. *Id.* Plaintiff sues Defendant for negligence and/or gross negligence, bad faith, unfair and deceptive acts, and breach of its contractual duty to conduct a reasonable investigation and fair settlement. *Id.* Plaintiff states that at the time he settled with the underlying

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 2

1  tortfeasor defendants, he "was unaware of the full extent of [his] neurological injuries…". Dkt.
2  22, Declaration of Michael Dean.
3      Plaintiff consulted with Dr. Sanford Wright, M.D., a neurological surgeon consultant and
4  expert witness, on September 17, 2020 – about two years after Plaintiff's "chiropractor
5  completed treatment in approximately 2017-2018." Dkt. 23, Declaration of Sanford Wright,
6  M.D., Exhibit 2, p. 3. Dr. Sanford reviewed Plaintiff's C-MRI scans of October 27, 2015 and
7  July 25, 2018. *Id.*, Exhibit 2 (Dkt. 23-1, p. 5). Both scans showed "moderately severe C6-7
8  foraminal stenosis, right side, and mild cervical DDD." *Id.* Dr. Sanford noted that Dr. Singh, who
9  ordered the C-MRI scans, had advised a surgical consultation, but Plaintiff was "fearful of
10 surgery" at that time. *Id.*
11     Dr. Wright diagnosed cervical and right and lower thoracic strains due to the June 11,
12 2014 motor vehicle accident; aggravation of those strains with new onset migraine like
13 symptoms due to the August 28, 2014 motor vehicle accident; and further aggravation of all
14 these symptoms due to the November 25, 2014 motor vehicle accident. *Id.*, Exhibit 2 (Dkt. 23-1,
15 p. 6). Dr. Wright proposed further surgical consultation with Ali Anissipour, D.O.
16     A third MRI of Plaintiff's cervical spine was taken on February 12, 2021. Dkt. 24-1, p. 5.
17 Dr. Anissipour evaluated Plaintiff on February 18, 2021. Dkt. 24, Declaration of Alireza
18 Anissipour. The most recent MRI showed a mild right-sided paracentral disc bulge at C5-6
19 resulting in moderate foraminal stenosis and a large paracentral disc bulge/herniation at C6-7
20 causing some right central hemicord compression and severe right 7 foraminal stenosis. Dkt. 24-
21 1, p. 7. Dr. Anissipour recommended a C6-7 cervical disc arthroplasty. Dkt. 24, Anissipour
22 Decl., at p. 2.
23

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 3

At the time Plaintiff settled with the underlying tortfeasor defendants in 2018, he was aware that he was a surgical candidate. *See* Dkt. 27, Supplemental Declaration of Rory W. Leid, III, Exhibit 1 (Plaintiff's Expert's Independent Medical Examination ("IME") Report of Gary R. Schuster, M.D., dated July 30, 2018) and Exhibit 2 (Plaintiff's Expert's letter from Dr. Schuster, dated July 31, 2018). Based on Plaintiff's IME and C-MRIs dated October 27, 2015 and July 26, 2018, Dr. Schuster opined that, on a more probable than not basis, Plaintiff needed a cervical decompression with foraminotomy at C5-6 and C6-7, microdiscectomy at C5-6 and C6-7. Dr. Schuster assessed Plaintiff with a 10% whole person impairment rating and estimated the costs of surgery and cubital tunnel transposition (including preoperative care, anesthesia, operating room, surgical fees, hospitalization, and postoperative physical therapy) at approximately $63,000.00. *See id.*, Exhibit 2 (Dkt. 27-1, p. 30).

## LEGAL STANDARD

A party is entitled to summary judgment if there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. "A material fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). A party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553 (1986); *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978) (genuine issues are not raised by mere conclusory allegations).

Once the moving party meets its initial responsibility, the burden shifts to the non-moving party to establish that a genuine issue as to any material fact exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986). Evidence

submitted by a party opposing summary judgment is presumed valid, and all reasonable inferences that may be drawn from that evidence must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). The non-moving party cannot simply rest on its allegation without any significant probative evidence tending to support the complaint. *See U.A. Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th Cir.1995). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

## EVIDENTIARY OBJECTIONS

Both parties request that the Court strike various portions of declarations submitted by the other on various grounds, *i.e.* lack of personal knowledge, lack of medical knowledge, legal opinions. The Court denies the motions to strike as these objections are largely duplicative of Rule 56's motion for summary judgment standard. As a court can award summary judgment only when there is no genuine issue of material fact, any statements based on improper legal conclusions or without the requisite knowledge are considered by the Court as argument only.

## DISCUSSION

There is no dispute that Plaintiff, who was represented by counsel, settled all three of his bodily injury claims against the underlying tortfeasors for less than the policy limits. Plaintiff settled his claims for a total of $95,000.00, leaving over $1 million on the table. There is no evidence that Plaintiff was obligated to settle for less than the liability policy limits. And there is no dispute that at the time he settled these claims, Plaintiff knew he was a surgical candidate. The question presented here is whether in light of these facts, Plaintiff is entitled to recover additional compensation from his UIM insurer on the theory that one of the underlying tortfeasors was "underinsured."

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 5

As an initial matter, the Court notes that Plaintiff sued all three of the underlying tortfeasors for damages related to all three of the motor vehicle accidents under a theory of joint and several liability. In Washington, "[i]n all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimants damages…[a] party shall be responsible for the fault of another person or for payment of the proportionate share of another party where both were acting in concert or when a person was acting as an agent or servant of the party." RCW 4.22.070(1)(a). Parties are "acting in concert" when the parties are consciously acting together in an unlawful manner. *See Yong Tao v. Heng Bin Li*, 140 Wn. App. 825, 831-32 (2007). Alternatively, the defendants do not need to act in concert if their wrong acts, committed independent of each other, breach a joint duty and unite in causing a single injury. *Elliott v. Barnes*, 32 Wn. App. 88, 90-91 (1982).

Plaintiff pled that the separate tortfeasor defendants were jointly and severally liable for the injuries he sustained in the three accidents. Thus, Plaintiff had the ability to attribute the total damages to any of the tortfeasor defendants and collect damages from that defendant. Instead, Plaintiff accepted three separate settlements from each tortfeasor defendant and each settlement was for *less* than the tortfeasor's policy limits. At that time, Plaintiff's medical expert estimated the costs of surgery and cubital tunnel transposition at about $63,000.00. Plaintiff received $95,000.00 and left over $1 million in liability insurance coverage on the table. Thus, Plaintiff cannot now argue that the available liability insurance coverage was inadequate to compensate for his injuries.

The purpose of UIM coverage is to place the insured in the same position as if a tortfeasor carried adequate liability insurance. *Dayton v. Farmers Ins. Grp.*, 124 Wash. 2d 277,

281 (1994). Thus, a UIM insured is not entitled to be put in a better position by virtue of colliding with an uninsured or underinsured motorist than by colliding with a tortfeasor that carries adequate liability insurance. *See e.g. Safeco Ins. Co. of Illinois v. Schmid*, No. C17-5224-RBL, 2018 WL 1872291, at *4 (W.D. Wash. Apr. 19, 2018) (holding plaintiff was not legally entitled to recover under UIM policy where arbitration award exceeded policy limits but the parties agreed to limit any potential award to the policy limits); *McCloud v. Depositors Ins. Co.*, No. C06-5140JKA, 2006 WL 2290757 (W.D. Wash. Aug. 8, 2006) (holding a plaintiff was not entitled to recover under a UIM policy where the jury's verdict exceeded the court's $50,000 jurisdictional limit because plaintiff was not "legally entitled" to recover anything more).

In Washington, an "underinsured motor vehicle" is one for which "either no bodily injury or property damage liability bond or insurance policy applies at the time of an accident," or where the "the sum of the limits of liability under all … insurance policies applicable to a covered person after an accident *is less than* the applicable damages which the covered person is legally entitled to recover." RCW 48.22.030(1) (emphasis added). The fundamental policy underlying UIM is that liability insurance is primary, while UIM insurance is secondary. The intent is that UIM insurance supplement but not supplant liability insurance. *Allstate Ins. Co. v. Dejbod*, 63 Wn. App. 278, 284, 818 P.2d 608 (1991) (internal citations omitted).

"If an injured insured settles his claim with the tortfeasor's liability insurer for less than the policy limits, the 'underinsured motorist' carrier is entitled to compute its payments to the injured insured as though the policy limits had been paid." *Hamilton v. Farmers Ins. Co. of Washington*, 107 Wn.2d 721, 728, 733 P.2d 213 (1987). "[A] settlement with a tortfeasor for less than limits, is evidence that the [insured] received full compensation." *Loc Thien Truong v. Allstate Prop. & Cas. Ins. Co.*, 151 Wn. App. 195, 211 P.3d 430 (2009). When a claimant

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 7

settles for less than the available limits the burden shifts to the claimant "to come forward with evidence that [his] damages were greater than the amount of settlement." *Hall v. Encompass Ins. Co. of America*, No. C15-0594-JLR, 2015 WL 5562221 (W.D. Wash. Sept. 25, 2015) (citing *King Cty. v. Jones*, No. 68226-1-1, 2013 WL 4606809, at *4 (Wash. App. Aug. 26, 2013)).

Plaintiff's settlement with all three tortfeasors for *less* than policy limits, creates a presumption that he was made whole and fully compensated. Plaintiff must present sufficient reliable evidence to overcome that presumption, but he has failed to do so. Instead, counsel for Plaintiff (who represents Plaintiff in this case and also represented Plaintiff in the underlying settlement) disingenuously argues that a UIM claim is not cancelled by "partial payment of a tortfeasor." The evidence does not reflect any such "partial payment." Rather, the evidence reflects that Plaintiff accepted a settlement and fully released the defendant tortfeasors. Moreover, in support of his UIM claim, Plaintiff relies on medical opinions issued two years after he concluded medical treatment and which merely confirm what Plaintiff knew (and upon which he relied) when he settled with the underlying tortfeasors – *i.e.*, that he needed surgery. In fact, Plaintiff's present expert witness states in his report that Plaintiff was advised by Dr. Singh in 2018 that he needed surgery, but Plaintiff chose not to undergo surgery at that time. *See* Dkt. 23-1, p. 5.

The Court finds that Plaintiff was made whole and fully compensated when he settled with the three tortfeasors for less than policy limits. The role of an UIM insurance carrier is to step into the shoes of the tortfeasor and provide protection when there is too little (or no) protection by the tortfeasor driver's policy. *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 281, 876 P.2d 896 (1994). The role of an UIM insurance carrier is not, as is now urged by Plaintiff, to

compensate Plaintiff for a less than policy limits settlement he now regrets.

Accordingly, it is **ORDERED** that the Motion for Summary Judgment of Defendant GEICO Insurance Agency Inc. (Dkt. 18) is **GRANTED**; Plaintiff's claims against Defendant GEICO Insurance Agency Inc. are **dismissed with prejudice**.

DATED this 26th day of October, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge